IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JON YOUNG,<br><br>    Defendant. | No. 08-CR-4-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Jon Young's Motion to Dismiss: Untimely Indictment ("Motion") (docket no. 8).

## *II. RELEVANT PROCEDURAL HISTORY*

On January 9, 2008, a grand jury returned an Indictment against Defendant. Count 1 charges Defendant with manufacturing, attempting to manufacture and aiding and abetting the attempted manufacture of methamphetamine within 1,000 feet of a playground, after having previously been convicted of a felony drug offense, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 846, 21 U.S.C. § 851, 21 U.S.C. § 860 and 18 U.S.C. § 2. Count 2 charges Defendant with possession of pseudoephedrine pills with the intent to manufacture methamphetamine and possession of pseudoephedrine pills knowing, or having reasonable cause to believe, that the pseudoephedrine pills would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1) and 21

U.S.C. § 841(c)(2). The Indictment charges that Count 1 and Count 2 occurred on or about May 7, 2007.[1]

On January 15, 2008, Defendant filed the Motion. On January 25, 2008, the government filed a Resistance (docket no. 10). On January 31, 2008, Defendant filed a Reply (docket no. 11).

On March 25, 2008, the court held a hearing on the Motion. The court finds the matter fully submitted and ready for decision.

### III. RELEVANT FACTS

Defendant was arrested on May 7, 2007, and his parole on a prior state conviction was revoked on May 25, 2007, for acts which are charged in the Indictment ("Parole Revocation"). Defendant was incarcerated at the Iowa State Penitentiary ("ISP") in Fort Madison, Iowa, subsequent to Defendant's Parole Revocation. In early November, the DEA informed the ISP of potential federal charges against Defendant. Defendant states that, on November 9, 2007, he was relocated from "Farm 1" at the ISP, that is, minimum-security, to the "more restrictive and higher security John Bennett Correctional Center" at the ISP, that is, medium-security ("Relocation"). On November 15, 2007, a criminal complaint was filed in *United States v. Jon Young*, 07-MJ-285-JSS ("MJ Case"). The criminal complaint ("Criminal Complaint") in the MJ Case charged Defendant with aiding and abetting the manufacture of methamphetamine within 1,000 feet of a playground, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, 21 U.S.C. § 860 and 18 U.S.C. § 2. On the same date, a warrant for arrest ("Arrest Warrant") was issued for Defendant in the MJ Case, and a detainer against a sentenced state prisoner based on a federal arrest warrant ("Federal Detainer") was prepared. On November 16, 2007, a copy of the Arrest Warrant and a copy of the Federal Detainer were faxed to the ISP. On November 16,

---

[1] On March 5, 2008, the grand jury returned a three-count Superseding Indictment (docket no. 32), which added a conspiracy count.

2007, Defendant received a detainer action letter and notification request from the ISP ("Detainer Letter") and a copy of the Arrest Warrant. The Detainer Letter, which is dated November 16, 2007, notified the Defendant that the Federal Detainer had been lodged against him in light of the MJ Case and that the expiration of his state sentence was tentatively scheduled for December 14, 2007. The Federal Detainer, which Defendant signed on November 26, 2007, among other things, notified Defendant that the court issued the Arrest Warrant. Within the Federal Detainer, Defendant did not circle either of the options in paragraph 3, that is, he did not indicate whether he did or did not want a speedy trial. The DEA received the Federal Detainer on December 12, 2007. Pursuant to the Arrest Warrant, Defendant was arrested and taken into federal custody on December 14, 2007. The grand jury returned the Indictment on January 9, 2008.

## IV. ANALYSIS

### A. Parties' Arguments

In the Motion, Defendant argues that he was not indicted or charged by information within 30 days of any arrest or service of a summons, in violation of his rights under 18 U.S.C. § 3161(b). More specifically, Defendant argues that his right to a speedy trial was violated during either the 54-day delay between the date he received a copy of his Arrest Warrant and the date the grand jury returned the Indictment or the 61-day delay between the date the ISP moved him to a more secure facility and the date the grand jury returned the Indictment. As a result of either delay, Defendant asserts that the Indictment should be dismissed under 18 U.S.C. § 3162(a)(1) and that dismissal with prejudice is the only effective remedy. The government responds that no violation of 18 U.S.C. § 3161(b) occurred because: (1) Defendant was taken into federal custody fewer than 30 days before the Indictment was filed; (2) neither the Federal Detainer nor the Criminal Complaint constitutes an "arrest"; and (3) placement in a more secure facility does not constitute a restraint on Defendant's liberty in connection with Count 1 and Count 2 of the Indictment. The government also contends that Count 2 of the Indictment is shielded from dismissal

3

under 18 U.S.C. § 3162(a)(1) because it was not part of the Criminal Complaint in the MJ Case. Finally, the government argues that any dismissal should be without prejudice.

## B. The Law

Section 3161(b) states, in relevant part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within [30] days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The remedy for such a failure is dismissal.

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

Section 3161 "does not define 'arrest' nor does it purport to give 'arrest' anything other than its ordinary meaning." *United States v. Piggie*, 316 F.3d 789, 795 (8th Cir. 2003). "Section 3161(b) requires that the arrest which begins the [30]-day period be 'in connection with' the charges on which the indictment or information is filed." *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992). Furthermore, "[a]n arrest on state criminal charges is not turned into a federal arrest merely because the arrest is a product of a joint state-federal investigation or because federal officers participate in the arrest." *Id*. at 950. The 30-day limitation does not trigger until "federal rather than state authorities detain[] [a defendant]." *United States v. Williams*, 408 F.3d 1073, 1077 (8th Cir. 2005); *see also id*. (holding that, for purposes of § 3161(b), 30-day period never

4

began because the defendant was transferred from state detention to federal detention on the same day as the federal indictment against him was filed). In other words, there must be a federal detention in connection with federal charges for the § 3161 protections to apply. "The right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried." *United States v. Stead*, 745 F.2d 1170, 1172 (8th Cir. 1984); *see also United States v. Wilson*, 102 F.3d 968, 972 (8th Cir. 1996) (quoting *Stead*). A defendant's liberty is not restrained if "he [is] in the same position he would have been if he had never been charged" with a federal crime. *United States v. Ray*, 768 F.2d 991, 997 (8th Cir. 1985), *overruled on other grounds by Henderson v. United States*, 476 U.S. 321 (1986).

Both a federal arrest and a federal criminal complaint are required to trigger the 30-day clock. *See United States v. Peterson*, 698 F.2d 921, 923 (8th Cir. 1982) (holding that 30-day clock did not begin at time of arrest on February 20, 1981, but at time of filing of criminal complaint on May 5, 1981). Other Circuit Courts of Appeals have offered further guidance. "[T]he filing of a federal complaint without concurrent action depriving a defendant of liberty for the purpose of facing charges is insufficient to trigger the Speedy Trial Act's [18 U.S.C. § 3161-3174] timing provisions." *United States v. Bloom*, 865 F.2d 485, 491 (2d Cir. 1989); *see also United States v. Johnson*, 815 F.2d 309, 312 95th Cir. 1987) ("The filing of a federal complaint does not, in the absence of a federal arrest in connection with that complaint, trigger the time requirement of 3161(b)." (Citing *United States v. Copley*, 774 F.2d 728, 730-31 (6th Cir. 1985); *United States v. Shahryar*, 719 F.2d 1522, 1525 (11th Cir. 1983))). Put differently, "there [must be] some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint. Under this rule, if a complaint is filed before federal arrest pursuant to that complaint, the Speedy Trial Act is triggered at the moment of arrest." *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990).

Other Circuit Courts of Appeals have explained these limitations in the federal detainer context. The Fifth Circuit Court of Appeals expressly "rejected" the proposition that "the filing of [a] federal detainer against [a defendant]" triggers the protections of § 3161(b). *United States v. Hausman*, 894 F.2d 686, 688 (5th Cir. 1990); *see also United States v. Lee*, 818 F.2d 302, 304 (4th Cir. 1987) (holding that a detainer is neither an arrest or summons for purposes of § 3161); *Shahryar*, 719 F.2d at 1525 (holding that the lodging of a federal arrest warrant with state authorities to act as detainer did not trigger § 3161 time limitations). The Sixth Circuit Court of Appeals insisted upon the importance of a "significant limitation of liberty" and held that, "since the detainer in this case was not the source of the significant limitation of liberty effected by defendant's state custody, . . . the detainer was not the functional equivalent of a federal arrest for" purposes of 18 U.S.C. § 3161. *Copley*, 774 F.2d at 730-31.

## C. Application

The Parole Revocation, the Relocation, the Arrest Warrant, the Criminal Complaint, the Federal Detainer and the Detainer Letter do not amount to an arrest in connection with federal charges and do not trigger the 30-day clock under § 3161(b). Defendant relies primarily on the Fourth Circuit Court of Appeals's holding in *United States v. Iaquinta*, 674 F.2d 260 (4th Cir. 1982). Defendant argues that *Iaquinta*, *id*. at 264, stands for the proposition that § 3161 mandates that the 30-day clock triggers upon any federal arrest. However, as explained below, such proposition is neither the law of the Eighth Circuit Court of Appeals nor a fair reading of the prevailing law in the Fourth Circuit.

The Parole Revocation, the Arrest Warrant, the Relocation, the Criminal Complaint, the Federal Detainer and the Detainer Letter are immaterial for purposes of § 3161(b). Defendant's Parole Revocation "is not turned into a federal arrest merely because the arrest" later involved federal authorities. *See Beede*, 974 F.2d at 950. The Relocation and the Arrest Warrant are of no moment because the 30-day period did not

6

trigger until federal, rather than state, authorities detained Defendant on December 14, 2007. *See Williams*, 408 F.3d at 1077. Defendant suggests that the Relocation constituted "the beginning of continuing restraints on [D]efendant's liberty imposed in connection with the formal charge on which [he will be] tried." *Stead*, 745 F.2d at 1172. Because the Arrest Warrant and the Federal Detainer were not issued until after the Relocation, the court cannot conclude that the Relocation was "imposed in connection with" the federal charges in the Indictment. *See id*. Thus, Defendant never suffered a significant limitation of his liberty; until December 14, 2007, Defendant was in state custody at the ISP based on the Parole Revocation. *See id*.

The Criminal Complaint also did not trigger the 30-day clock because there was no "concurrent action depriving a defendant of liberty for the purpose of facing [federal] charges . . . ." *Bloom*, 865 F.2d at 491. When the Criminal Complaint was filed, Defendant remained in state custody at the ISP, and there was no "federal arrest in connection with that complaint [to] trigger the time requirement of 3161(b)." *Johnson*, 815 F.2d at 312 (citing *Copley*, 774 F.2d at 730-31; *Shahryar*, 719 F.2d at 1525). Until December 14, 2007, there was no "coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint." *Bagster*, 915 F.2d at 611. Neither the filing of the Criminal Complaint nor the unexecuted Arrest Warrant, which gave rise to the Federal Detainer, qualifies as an arrest for purposes of § 3161(b).

The issuance of the Federal Detainer and Detainer Letter did not trigger the 30-day clock because neither was "the beginning of continuing restraints on [D]efendant's liberty imposed in connection with the formal charge on which [D]efendant [will be] tried." *Stead*, 745 F.2d at 1172. Rather, Defendant entered federal custody on December 14, 2007, per the terms of the Federal Detainer. Defendant's liberty was not restrained in connection with the federal charges in the Indictment until December 14, 2007, because "he was in the same position he would have been if he had never been charged" with a federal crime, that is, detained by state authorities at the ISP. *Ray*, 768 F.2d at 997.

7

Therefore, the Indictment, filed on January 9, 2008, was timely for purposes of § 3161(b).

The conclusion that the Indictment was timely comports with the law of other Circuit Courts of Appeals, which hold that a detainer does not qualify as an arrest under § 3161(b). *See Hausman*, 894 F.2d at 687; *Lee*, 818 F.2d at 304; *Shahryar*, 719 F.2d at 1525. "[S]ince the [Federal Detainer] in this case was not the source of the significant limitation of liberty effected by defendant's state custody [until December 14, 2007], . . . the [issuance of the Federal Detainer] was not the functional equivalent of a federal arrest for" purposes of 18 U.S.C. § 3161. *Copley*, 774 F.2d at 730-31.

Moreover, Defendant's reliance on *Iaquinta* is misplaced because the Fourth Circuit Court of Appeals explained that a federal "detainer [is] [n]either an arrest . . . nor . . . a summons" for purposes of § 3161(b). *See Lee*, 818 F.2d at 304. It cited the holding in *Shahryar* with approval, *id.*, which held that the lodging of a federal arrest warrant with state authorities to act as a detainer does not trigger the time limits imposed by § 3161, *Shahryar*, 719 F.2d at 1525. For these reasons, the court shall deny the Motion.

Having concluded that the Indictment was timely, the court need not address the government's argument that Count 2 of the Indictment is exempt from dismissal under 18 U.S.C. § 3162(a)(1) because it is a new charge or address the government's argument that dismissal without prejudice is warranted.

## V. CONCLUSION

(1) Defendant's Motion (docket no. 8) is **DENIED**; and
(2) The period of time between the filing of Defendant's Motion and the filing of this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to

8

exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 25th day of March, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA